IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERALD DEMARSH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-2006-M |
| | ) | ECF |
| DALLAS POLICE CHIEF KUNKLE, ET AL., | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties**

Plaintiff brings this suit for violation of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis*. Defendants are: (1) Dallas Police Chief David Kunkle; (2) Judge Katherine Miracle; (3) Dallas Police Officer Patrick Starr; and (4) Jason Christman.

**II. Background**

Plaintiff states that he and his son were towing a car when they were involved in a traffic altercation with Defendant Christman. Officer Starr responded to the altercation. Plaintiff states that Officer Starr yelled and cursed at him, did not listen to his version of the events, wrongfully issued Plaintiff's son a ticket and wrongfully arrested Plaintiff. Plaintiff alleges that although he informed Defendant Kunkle of Officer Starr's behavior, Defendant Kunkle did not discipline

**Findings and Conclusions of the
United States Magistrate Judge**        Page -1-

Officer Starr. Plaintiff also alleges that Judge Miracle set his bond too high and would not allow him to represent himself in court.

Plaintiff seeks money damages and requests that this Court place a "hold" on the prosecution of his son's ticket.

## III. Screening

The terms of 28 U.S.C. § 1915(e)(2)(B)(I) authorize a federal court to dismiss an action in which the Plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is frivolous or malicious. Under this standard, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those which clearly lack any basis in fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.C. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.C. 1827, 1831-32 (1989). A claim is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986).

## IV. Discussion

**1.      Defendant Christman**

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -2-

Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." The Fourteenth Amendment prohibits only that action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948). The Fourteenth Amendment does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

Plaintiff names Jason Christman as a Defendant. Plaintiff and Christman were involved in a traffic altercation. It appears that Christman is a private citizen, and Plaintiff has not claimed otherwise. Plaintiff's allegations against Christman fail to state a claim under § 1983. This claim should therefore be dismissed.

**2.   Judicial Immunity**

Plaintiff claims that Defendant Judge Miracle violated his civil rights when she set his bond too high and when she refused to allow him to represent himself in judicial proceedings. In response to the Magistrate Judge's Questionnaire, however, Plaintiff states that he was not appointed counsel in his criminal case and he has not retained counsel. (Magistrate Judge's Questionnaire, Answer No. 6). Plaintiff has not shown that Judge Miracle has denied him the right to represent himself. Additionally, the United States Supreme Court has recognized absolute judicial immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982). The setting of a defendant's bond amount falls within the performance of judicial duties. Plaintiff's claims against Judge Miracle should be dismissed.

**3.   Heck v. Humprey**

In *Heck v. Humprey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

In this case, the charges against Plaintiff are currently pending. (See Magistrate Judge's Questionnaire, Answer No. 2). Plaintiff's claims for damages against Defendants Kunkle and Starr for wrongful arrest and/or detention are clearly connected to the legality of the pending charges. A finding in favor of Plaintiff would imply the invalidity of the charges. Since the charges have not been dismissed, expunged, or otherwise invalidated, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**4.     Remaining Claims**

Plaintiff also claims Defendants Starr and Kunkle violated his civil rights when Starr yelled and cursed at him, and when Kunkle failed to discipline Starr for these actions. To state a claim under §1983, however, a plaintiff must show a violation of his constitutional rights. Claims of verbal abuse and harassment are not actionable under § 1983. *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993). Plaintiff's claims should therefore be dismissed.

Finally, Plaintiff seeks relief on behalf of his son. He request that the Court place a

"hold" on the misdemeanor ticket issued to his son. Plaintiff's son, however, is not a party to this action. Although Plaintiff may represent himself in this action, he may not represent the interests of his adult son. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020-22 (5th Cir. 1998). These claims should therefore be dismissed.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims against Defendants Christman and Miracle be dismissed with prejudice as frivolous; (2) Plaintiff's claims against Defendants Kunkle and Starr regarding Plaintiff's arrest and/or detention be dismissed with prejudice until the *Heck* conditions are met; and (3) Plaintiff's remaining claims against Defendants Kunkle and Starr be dismissed with prejudice as frivolous.

Signed this 8th day of January, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).